[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 2, 1970 in Ellington, Connecticut. The action for dissolution of marriage was commenced in February 1995 with a return date of March 21, 1995. The plaintiff has resided within the state of Connecticut for at least twelve months next preceding the date of the filing of the complaint.
There are no minor children issue of the marriage. (One daughter was born to the parties but she has reached the age of majority).
Both parties were present at trial, and represented by counsel.
The Court finds the jurisdictional requirements have been CT Page 9333 met. It also finds the marriage has broken down irretrievably and orders the dissolution of the marriage on said grounds.
The plaintiff (husband) is a master mechanic who was employed as such for a succession of employers until 1992 when he went into business for himself. He claims his was a successful business, but documentary evidence does not support that claim. Tax returns show a profit of only a few thousand dollars for 1993 and 1994.
He claims that he has been unable to work since early 1995 because of multiple physical and emotional conditions including weakness from two heart attacks, diabetes, respiratory problems, high blood pressure and three herniated discs.
He states he sees a chiropractor regularly and takes medications for his multiple illnesses, including medication for depression.
He has applied for, and is awaiting, an answer to his application for social security disability. At present, the income of the fifty year old husband is $250 per week from a roommate with whom he shares the jointly owned residence of the parties.
The defendant (wife) has generally been employed throughout the marriage, although she stayed at home for a few years when their child was born and then worked part-time for some four years (until 1977) when she resumed full time employment. In 1995 (after the parties had separated she lost her job because of downsizing and has since been working sporadically full time or part-time as the opportunity presented itself. Although there is a history of diabetes in her family, the wife, who is forty-five years of age, has no present physical condition which would prevent her from working, if a job could be found.
Other facts will be discussed as necessary to understand the orders entered. In making its orders the Court is aware of and has considered the provisions of §§ 46b-62, 46b-81 and 46b-82
of the Connecticut General Statutes.
One of the major points of contention is the allocation of the equity in the jointly owned home located in Manchester. They purchased the home in the 1970's for $37900. In August 1995 an appraisal of the property established the fair market value at CT Page 9334 $96000. The husband claims the property has deteriorated since 1995 principally due to the roof needing replacement. There is a mortgage of approximately $24000. The husband has been paying the monthly mortgage since January 1995.
After purchasing the home, the parties spent approximately $30000 from joint savings to refurbish or improve the property, including a new driveway, a remodeled kitchen, windows and a large barn or garage with a loft which was used principally by the husband when he went into business for himself.
The husband's request that the house be assigned to him is unreasonable. The wife contributed to the purchase and improvement of this marital asset and is entitled to her fair share of its equity. The Court determines the fair market value of the house to be $94000. This allows some credit for deterioration of the roof since 1995 and takes into account the fact that the roof was nearing the end of its useful life in 1995. While the wife has not contributed to the reduction of the mortgage since January 1995, neither has the husband paid rent during the time he was in sole possession.
The court has also taken into account the other monetary orders it makes in determining the distribution of this portion of the mosaic which comprises the decision.
The equity in the family home is approximately $70000. The wife shall quit claim all of her right, title and interest in the real estate known as 65 White Street, Manchester, Connecticut, to the husband. The husband shall execute a mortgage deed and note to the wife in the amount of $32250 bearing interest at 5% per year. Said mortgage shall be payable upon the husband's death, remarriage, sale or refinance of the home, his cohabitation pursuant to Connecticut General Statutes, or five years from the date of dissolution, whichever first occurs.
The husband shall hold the wife harmless for any and all expenses in connection with said real estate, including but not limited to, the mortgage and taxes thereon.
Alimony is not awarded to either party. The husband, if deemed eligible for disability payments, would not need alimony and if not eligible, would presumably be able to work. In any event, neither party is in a financial position to pay alimony to the other. CT Page 9335
The wife shall be entitled to her retirement savings plan ($11529) and her employee stock ownership ($360).
The husband has claims pending as the result of three mother vehicle accidents in which he was involved. He shall be entitled to all proceeds from such claims as well as any recovery through workers compensation.
The wife has a bank account presently holding approximately $75460. From the evidence presented the Court concludes that half of this belongs to the wife's sister. In 1988, the wife's father sold his house in Ellington. At that time he gave his other daughter some $74000 proceeds from the sale which she was to hold for him if he needed money. (His wife had predeceased him in 1986). The sister then holding the money thereafter relocated to Texas. Prior to her move the father gave that money over to the defendant wife because it was convenient for him and he was not pleased that his other daughter was moving so far away.
The father, his two daughters and the plaintiff husband all understood that upon the father's death the remainder of the money would be divided equally between the two sisters. (The father has since died).
This informal arrangement was probably designed to avoid probate, but no one involved believed the money would not ultimately be divided by the sisters.
Also, when the wife's mother died, her father gave her $5000 — as a gift explaining it was proceeds from an insurance policy on her life.
In 1992 and 1993, the wife took $6000 and gave it to the plaintiff to use in starting up his business (for parts and inventory, etc.).
In light of the other orders, the husband shall not be required to repay that $6000 to the wife.
While technically, the Court could consider half of the $75000 bank account a marital asset, until the father died in 1996, it was understood that that money was his and he could draw on it whenever he needed or wanted to do so. The parties had already been separated from each other when he died and there CT Page 9336 seems to be no equitable reason for the husband to be entitled to any portion of that account. In fact the father did draw off approximately $15000 while he was alive. Since his death the wife paid $5200 in funeral expenses, and used some $10000 to support herself since losing her job in 1995.
Accordingly, the husband shall have no interest or portion of these funds.
Each party shall be responsible for his or her debts as shown on their financial affidavits.
Each party shall be responsible for his or her own counsel fees.
Klaczak, J.